## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

---

Prinell Paul,

                                        Plaintiff,

              v.                                        5:25-CV-1199
                                                        (GTS/MJK)

Carden, Dotzler, Hammond Law PLLC Law Firm, *et. al.*,

                                        Defendant.

---

Prinell Paul, *Pro Se*

Mitchell J. Katz, U.S. Magistrate Judge

To the Honorable Glenn T. Suddaby, U.S. District Judge:

## ORDER & REPORT- RECOMMENDATION

Paul commenced this action on September 2, 2025, by filing a

Complaint, and moving for leave to proceed *in forma pauperis* ("*IFP*")

(Dkts. 1, 4). The Clerk sent Paul's Complaint and *IFP* application to

this Court for review. (Dkts. 1, 4).

## I.    BACKGROUND

The Court summarizes the facts that are only relevant to the

applicable law: Paul brings this action against Defendant Attorneys

Clifford Carden, Matthew Dotzler, David Hammond, Brian Tedd,

Nicholas Hurtado, and their law firm Clifford, Dotzler, Hammond Law

1

Firm PLLC ("CDH Law"). (Complaint, Dkt. 1, at pg. 1). Paul alleges

that "Carden was assigned to" his "criminal case" and he "worked with

CDH law . . . as a whole." (*Id.*).

## II.    IFP APPLICATION

Paul declares in his *IFP* applications that he is unable to pay the

filing fee. (Dkt. 3). And after reviewing his application, this Court finds

that Paul is financially eligible for *IFP* status.

## III.   STANDARD OF REVIEW

In addition to determining whether a plaintiff meets the financial

criteria to proceed *IFP*, courts must also review the sufficiency of the

allegations in the complaint under 28 U.S.C. § 1915. That statute

requires a court to dismiss a case—at any time—if it determines that

the action is (1) frivolous or malicious; (2) fails to state a claim on which

relief may be granted; or (3) seeks monetary relief against a defendant

who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2)(B)(i)-(iii).

When determining whether an action is frivolous, courts must

consider whether the complaint lacks an arguable basis in law or in

fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on*

*other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and 28

U.S.C. § 1915. Dismissal of frivolous actions is appropriate to prevent

abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldredge*, 505 F.2d 802, 804 (8th Cir. 1974).

To be sure, courts have a duty to show liberality toward *pro se* litigants and must use extreme caution when *sua sponte* dismissing *pro se* complaints before adverse parties have been served and had an opportunity to respond. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee). But courts *still* have a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See id.*

## IV.  DISCUSSION

### The District Court should dismiss Paul's §1983 Complaint because the Defendants are not state actors.

The District Court should dismiss Paul's Complaint *without prejudice* and *without leave to amend*. To plausibly allege a 42 U.S. C. §1983 violation, the plaintiff must show that the Defendant deprived the plaintiff of their rights under the color of state law. In other words, the plaintiff must prove that the defendant was a state actor. Here,

Paul cannot plausibly allege such. Thus, the Court recommends dismissing Paul's complaint.

A §1983 violation occurs when "a person or persons acting under color of state law deprived a plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *McDarby v. Dinkins,* 907 F.2d 1334, 1336 (2d Cir.1990). To plausibly allege a §1983 claim, "the conduct at issue must have been committed by a person acting under color of state law." *DuBois v. Bedford-Flatbush Chiropractic, P.C.*, 409 F. Supp. 3d 62, 69 (E.D.N.Y. 2019). "For purposes of a § 1983 action, a defendant necessarily acts under color of state law when he abuses the position given to him by the State." *Lynch v. Southampton Animal Shelter Found. Inc.*, 971 F. Supp. 2d 340, 348 (E.D.N.Y. 2013). "Private actors are not liable under section 1983 unless the conduct allegedly causing the deprivation of a federal right can be fairly attributable to the State." *Id.* (cleaned up). Importantly, a plaintiff "bears the burden of proof to establish that the acts of private persons or entities constitute state action." *Omnipoint Commc'ns Inc. v. Comi*, 233 F. Supp. 2d 388, 394 (N.D.N.Y. 2002).

Paul has not plausibly alleged that Defendants were acting under the color of state law. "Criminal defense attorneys, even if appointed by the court to represent the defendant, are not considered to be state actors for purposes of § 1983." *Jordan v. New York*, 343 F. Supp. 2d 199, 204 (W.D.N.Y. 2004). Here, Defendants are criminal defense attorneys who were appointed to represent Paul in his state court criminal proceeding. As "court appointed attorneys performing a lawyer's tradition function as counsel" these Defendants did not "act under color of state law and therefore are not subject to suit under 42 U.S.C. §1983." *Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir.1997). As a result, Paul cannot sustain a claim against Defendants.

Generally, before courts dismiss a *pro se* complaint or any part of the complaint *sua sponte*, it should afford the plaintiff the opportunity to amend at least once. *See Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). But leave to re-plead may be denied where any amendment would be futile. *See id.* Futility is present when the problem with plaintiff's causes of action is substantive such that better pleading will not cure it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d

Cir. 2000) (citation omitted). No pleading will change the fact that Defendants are not state actors. So any amendment would be futile.

## V.    CONCLUSION

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that Plaintiff's motion to proceed IFP (Dkt. 3) is **GRANTED**,[1] and it is further

**RECOMMENDED,** the District Court dismiss Paul's Complaint **WITHOUT PREJUDICE** and **WITHOUT LEAVE TO AMEND** because Paul cannot maintain a § 1983 action against Defendants who are not state actors ; and it is further;

**ORDERED**, that the Clerk of the Court serve a copy of this Order and Report-Recommendation on Plaintiff by regular mail.[2]

In accordance with 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14**

---

[1] The court notes that although Plaintiff's IFP application has been granted, Plaintiff will still be required to pay fees that he may incur in the future regarding this action, including but not limited to copying and/or witness fees.

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) *(per curiam)*.

**DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 2, 2025

_____
Hon. Mitchell J. Katz
U.S. Magistrate Judge